IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JENNIFER GREEN PARKER; AND
SIDNEY PARKER                                                                     **PLAINTIFFS**

VS.                                                      CIVIL ACTION NO.: 3:20-cv-53-TSL-RHW

CHARLES LATHAM & SONS, L.P.; AND
CHARLES LATHAM, INDIVIDUALLY                                          **DEFENDANTS**

## COMPLAINT
## JURY TRIAL DEMANDED

**COME NOW** the Plaintiffs, Jennifer Green Parker and Sidney Parker by and through their counsel, Watson & Norris, PLLC, and file this action against the Defendants, Charles Latham & Sons, L.P., and Charles Latham, individually. Specifically, Defendants have violated the FLSA, and are charged with Intentional Infliction of Emotional Distress/Tort of Outrage, Assault, Battery and Wrongful Termination. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1. Plaintiff, Jennifer Green Parker, is a female citizen of Neshoba County, Mississippi.

2. Plaintiff, Sidney Parker, is a male citizen of Neshoba County, Mississippi.

3. Defendant, Charles Latham & Sons, L.P., is incorporated in the State of Mississippi and may be served with process by serving Charles Latham, 614 Charles Latham Road, Lena, Mississippi 39094.

4. Defendant, Charles Latham, individually, is an adult resident citizen of Leake County, Mississippi and may be served with process at 614 Charles Latham Road,

Lena, Mississippi 39094.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction.

6. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

## STATEMENT OF THE FACTS

7. Plaintiff, Jennifer Green Parker, is a female adult citizen of Neshoba County, Mississippi.

8. Sidney Parker, Plaintiff's husband, is an adult citizen of Neshoba County, Mississippi.

8. On July 20, 2019, Plaintiff Jennifer Green Parker met with her landlord, Charles Latham, regarding her wish to move into a larger trailer home.

9. While looking at the prospective trailer with Mr. Latham, Mr. Latham told Plaintiff Jennifer Green Parker that she was "a very beautiful lady." Plaintiff Jennifer Green Parker responded, "Thank you." Mr. Latham then placed his hand on Plaintiff Jennifer Green Parker's leg and stated, "We can work something out if you let me go at you just one time." Immediately, Plaintiff Jennifer Green Parker withdrew from Latham and responded, "No, Mr. Charles. I'm not that kind of woman and I love my husband very much." Latham stated, "But no one would know." Plaintiff Jennifer Green Parker responded in a firm tone, "Mr. Charles, you are out of line and I need you to leave." Mr. Latham continued to beg Plaintiff Jennifer Green Parker, but then she stood up and firmly demanded that Mr. Latham leave. Finally, Mr. Latham said, "Okay then," and left.

10. Later, Plaintiff Jennifer Green Parker informed her husband, Plaintiff Sidney

Parker, about what had transpired between she and Mr. Latham.

11. Subsequently, on July 21, 2019, Defendant Sidney Parker went to Mr. Latham's home and confronted him.

12. Following that conversation, it was decided that Plaintiff Sidney Parker and Plaintiff Jennifer Green Parker would be employed by Mr. Latham and work as a part of his logging crew.

13. Plaintiff Sidney Parker began his employment on July 22, 2019 and Plaintiff Jennifer Green Parker began her employment, as a Skidder driver, on July 29, 2019.

14. During the course of their employment, although Plaintiff Jennifer Green Parker and Plaintiff Sidney Parker worked more than 40 hours per week, they were never paid overtime wages for hours they worked over and above 40.

15. Additionally, Plaintiff Jennifer Green Parker was paid only $50 per day, which is less than minimum wage, given the number of hours she worked.

16. On July 31, 2019, Plaintiff Jennifer Green Parker had dropped off Plaintiff Sidney Parker and was driving to take care of some personal matters.

17. After dropping Plaintiff Sidney Parker off at work, Plaintiff Jennifer Green Parker pulled off to the side of the road to check a bad tire. Then, while turning around, she got her truck stuck in the mud. Plaintiff Jennifer Green Parker managed to get a ride back to her home from a passerby.

18. Later, Plaintiff Jennifer Green Parker asked Mr. Latham to assist her in pulling her truck out of the mud.

19. When Mr. Latham picked up Plaintiff Jennifer Green Parker to go get her truck, he again began to proposition her, stating, "So are you gonna let me go at you yet?"

20. Plaintiff Jennifer Green Parker responded, "No." Mr. Latham then stated, "So you want me to help you, but you don't want to help me, huh?" Plaintiff Jennifer Green Parker responded, "Charles, if you can't just pull my truck out like I asked, then take me home!"

21. Undeterred, Mr. Latham stated, "See, right there (and he pointed to a logging road), I own that, so we can just go in there and have sex, and no one would find out."

22. Plaintiff Jennifer Green Parker then became very upset and threatened to inform Plaintiff Sidney Parker about what Mr. Latham was saying. Finally, Mr. Latham quit propositioning her, at least for that moment in time.

23. On August 8, 2019, Plaintiff Jennifer Green Parker and her husband Plaintiff Sidney Parker were working in the woods when Mr. Latham came to the woods to address a work-related issue.

24. Plaintiff Sidney Parker walked further into the woods to observe something related to the issue.

25. This left Mr. Latham and Plaintiff Jennifer Green Parker standing together and Plaintiff Sidney Parker well out of earshot.

26. While Plaintiff Sidney Parker was gone, Mr. Latham said to Plaintiff Jennifer Green Parker, "If you will come to the house and let me go at you, then I could make everything a lot easier for you." Plaintiff Jennifer Green Parker responded, "No Charles," then walked away from him and went back to work.

27. On September 6, 2019, Plaintiff Sidney Parker was sick and could not go to work. Mr. Latham contacted Plaintiff Sidney Parker and Plaintiff Jennifer Green Parker

and notified them that they both were terminated.

28. Plaintiff Jennifer Green Parker started working for Latham on July 29, 2019. Between that date and September 6, 2019 (when she was terminated), she worked a total of 257.5 hours, 72.5 hours of which were overtime.

29. Plaintiff Sidney Parker started working for Latham on July 22, 2019. Between that date and September 6, 2019 (when he was terminated), he worked a total of 325.5 hours, 90.5 hours of which were overtime.

30. Plaintiff Jennifer Green Parker was paid less than minimum wage (i.e., $50/day) and was not paid for overtime hours. Plaintiff Sidney Parker was paid $100 per day and was not paid for overtime hours.

31. In addition to these violations related to their pay, Mr. Latham subjected Plaintiff Jennifer Green Parker to intentional emotional distress with repeated unwelcomed efforts to proposition her to have sex with her.

### COUNT I: PLAINTIFF JENNIFER GREEN PARKER - VIOLATION OF THE FAIR LABOR STANDARDS ACT – MINIMUM WAGE VIOLATION AGAINST DEFENDANT CHARLES LATHAM & SONS, L.P. AND DEFENDANT CHARLES LATHAM, INDIVIDUALLY

32. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

33. Plaintiff Jennifer Green Parker is a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff Jennifer Green Parker is entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week.

34. Under the Fair Labor Standards Act the minimum wage for covered nonexempt workers is not less than $7.25 per hour effective July 24, 2009.

35. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

36. Plaintiff Jennifer Green Parker was not paid minimum wage or overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

37. The acts of the Defendants constitute a willful intentional violation of the Fair Labor Standards Act.

### COUNT II: PLAINTIFF JENNIFER GREEN PARKER AND PLAINTIFF SIDNEY PARKER- VIOLATION OF THE FAIR LABOR STANDARDS ACT – UNPAID OVERTIME VIOLATION AGAINST DEFENDANT CHARLES LATHAM & SONS, L.P. AND DEFEDNANT CHARLES LATHAM, INDIVIDUALLY

38. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 37 above as if fully incorporated herein.

39. Plaintiff Jennifer Green Parker and Plaintiff Sidney Parker are non-exempt employees and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiffs are entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week.

40. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

41. Plaintiff Jennifer Green Parker and Plaintiff Sidney Parker were not paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ their regular

rate of pay.

42. The acts of the Defendants constitute a willful intentional violation of the Fair Labor Standards Act.

### COUNT III: PLAINTIFF JENNIFER GREEN PARKER - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/TORT OF OUTRAGE AGAINST DEFENDANT CHARLES LATHAM & SONS, L.P. AND DEFENDANT CHARLES LATHAM, INDIVIDUALLY

43. Plaintiff incorporates the above paragraphs 1 through 42 as though specifically set forth herein and alleges as follows:

44. By his actions, Defendant Charles Latham, individually, intentionally and/or negligently inflicted emotional distress upon Plaintiff Jennifer Green Parker by touching her inappropriately, making sexual advances despite her numerous demands for him to stop.

45. Defendant Charles Latham's actions have been such to evoke outrage and revulsion.

46. Defendant Charles Latham's behavior was malicious, willful, wanton, grossly careless, indifferent, and/or reckless.

47. The effect of these actions on Plaintiff Jennifer Green Parker were reasonably foreseeable.

48. Plaintiff suffered both mental injuries and emotional distress as a result of the Defendant Charles Latham's actions.

### COUNT IV: PLAINTIFF JENNIFER GREEN PARKER – BATTERY AGAINST DEFENDANT CHARLES LATHAM & SONS, L.P. AND DEFENDANT CHARLES LATHAM, INDIVIDUALLY

49. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 48 as if fully incorporated herein.

50. The aforesaid acts perpetrated on the Plaintiff by Defendant Charles

Latham, individually, violated Plaintiff's right to be free from offensive bodily contact and Constitute the repeated and continuing tort of battery. Defendant, Charles Latham & Sons, L.P., is vicariously liable for the batteries committed by Defendant Charles Latham, individually, since his actions were taken in the course and scope of his employment.

51. Defendants Charles Latham & Sons, L.P. and Defendant Charles Latham, individually, are jointly and severally liable to the Plaintiff for battery. As a direct and proximate result of said batteries, Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, expenses, extreme humiliation, embarrassment, emotional distress, and mental anguish. The Plaintiff is entitled to an award of compensatory and punitive or exemplary damages against Defendant Charles Latham, Individually, and Defendant Charles Latham & Sons, L.P., in an amount to be established at trial.

### COUNT V: PLAINTIFF JENNIFER GREEN PARKER – ASSAULT AGAINST DEFENDANT CHARLES LATHAM & SONS, L.P. AND CHARLES LATHAM, INDIVIDUALLY

52. The Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 51 as if fully incorporated herein.

53. The aforesaid acts perpetrated by Defendant Charles Latham, individually, on Plaintiff created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact of the Plaintiff's person, and the aforesaid acts, being intentional in nature, constitute the repeated and continuing tort of assault. Defendant Charles Latham & Sons, L.P., is vicariously liable for the assaults committed by Defendant Charles Latham, individually, since his actions were taken in the course and scope of his employment.

54. Defendant Charles Latham, individually, and Defendant Charles Latham & Sons, L.P., are jointly and severally liable to the Plaintiff for assault.

55. As a direct and proximate result of said assaults, Plaintiff has suffered and continues to suffer severe damages, including but not limited to loss of income, expenses, extreme humiliation, embarrassment, emotional distress, and mental anguish. The Plaintiff is entitled to an award of compensatory and punitive or exemplary damages against Defendant Charles Latham, individually, and Defendant Charles Latham & Sons, L.P., in an amount to be established at trial.

### COUNT VI: PLAINTIFF JENNIFER GREEN PARKER AND SIDNEY PARKER - WRONGFUL TERMINATION AGAINST DEFENDANT CHARLES LATHAM & SONS, L.P. AND CHARLES LATHAM, INDIVIDUALLY

56. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 55 above as if fully incorporated herein.

57. Defendant Charles Latham, individually, and Defendant Charles Latham & Sons, L.P., unlawfully retaliated against Plaintiffs by terminating their employment after refusing to commit and reporting criminally illegal activity, i.e., adultery.

58. Plaintiffs have been harmed as a result of this retaliation, and the Defendants are liable to Plaintiff for the same.

59. The acts of the Defendants constitute a willful and intentional violation of Mississippi Common law and constitutes the tort of wrongful termination which entitles Plaintiffs to damages, both compensatory and punitive in nature.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs respectfully pray that upon hearing of this matter by a jury, the Plaintiffs be granted the following relief in an amount

to be determined by the jury:

1. Unpaid minimum wages;
2. Unpaid overtime pay;
3. Liquidated damages;
4. Back wages;
5. Future wages;
6. Tax gross-up and all make-whole relief;
7. Compensatory damages;
8. Punitive damages;
9. Attorney's fees;
10. Costs and expenses; and
11. Any other relief to which they may be properly entitled.

THIS, the 29th day of January 2020.

                        Respectfully submitted,

                        JENNIFER GREEN PARKER, PLAINTIFF
                        SIDNEY PARKER, PLAINTIFF

                        By: /s/ Louis H. Watson, Jr.
                        Louis H. Watson, Jr. (MB# 9053)
                        Nick Norris (MB#101574)
                        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com

10